# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| RAFAEL LECHUGA ARAGON, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **EP-17-CV-00249-DCG** |
| | § | |
| RHEA ENTERPRISES, LLC C/O | § | |
| ROBERTO MUNOZ AND ALL | § | |
| OCCUPANTS OF 6616 CABANA DEL | § | |
| SOL, EL PASO, TEXAS, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER REMANDING CASE

On this day, the Court *sua sponte* considered Defendant Roberto Munoz's ("Defendant")

"Notice of Removal Under 28 USC, 1331 – 1446" ("Notice of Removal") (ECF No. 3), filed on

August 11, 2017. Defendant attempts to remove Plaintiff Rafael Lechuga Aragon's ("Plaintiff")

"Complaint for Forcible Entry Detainer" ("Complaint"), from the Justice Court, Precinct No. 7,

El Paso County, Texas, on the basis of diversity jurisdiction, jurisdiction pursuant to 28 U.S.C. §

1443(1), and a number of other statutes. *See* Notice of Removal at 1–3, 5–6.

The Court finds that Defendant has failed to meet his burden to establish diversity

jurisdiction. First, Defendant fails to "distinctly and affirmatively" allege the citizenship of all of

the parties. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1259 (5th Cir. 1988)

(citing *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (*per curiam*)). Second,

Defendant fails to allege the value of the right of possession of the property in question. *See*

*Vendor Res. Mgmt. v. Jellison*, Civ. A. No. SA-17-CV-00504-XR, 2017 WL 2547244, at *2 n.2

(W.D. Tex. June 12, 2017) (citing *Fed. Nat'l Mortg. Ass'n v. Morse*, Civ. A. No. 4:16-CV-396,

2016 WL 6871143, at *3 (E.D. Tex. Nov. 22, 2016) (collecting cases for the proposition that the

notice of removal must allege the value of the right to occupy the property in question)).

Consequently, Defendant does not properly allege diversity jurisdiction.

The Court further finds that Defendant has failed to meet his burden to establish jurisdiction pursuant to 28 U.S.C. § 1443(1). Defendant solely alleges that the forcible detainer action results in a denial of "his due process right and equal protection under the 14th Amendment." *See* Notice of Removal at 3. Courts have rejected such blanket civil rights claims as a basis for removal under § 1443(1). *See Bank of Am., NA v. Johnson*, Civ. A. No. C-06-396, 2006 WL 2882804, at *4 (S.D. Tex. Oct. 5, 2006) (citing *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *Smith v. Winter*, 717 F.2d 191, 194 (5th Cir. 1983)). Consequently, Defendant does not properly allege jurisdiction pursuant to § 1443(1).

The Court lastly finds that it lacks subject matter jurisdiction under any other statute. Therefore, this action must be remanded. Accordingly, the Court enters the following orders:

**IT IS HEREBY ORDERED THAT** the instant action is **REMANDED** to the Justice Court, Precinct No. 7, El Paso County, Texas.

**IT IS ALSO ORDERED THAT** the Clerk of the Court **MAIL** a certified copy of this Order to the Justice Court, Precinct No. 7, El Paso County, Texas.

**So ORDERED and SIGNED this** _____ **day of August 2017.**

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**